# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA )
)
) CR 4:91-176-3
v. )
)
ROBERT MOSS, JR., )
)
Defendant. )
)

### O R D E R

On July 2, 2019, Defendant filed a motion for a sentence reduction pursuant to the First Step Act of 2018. In April 2020 and again in September 2020, the Court heard argument on the motion. During the April 2020 hearing, both parties consented to staying the motion to await anticipated supplemental guidance from the Eleventh Circuit Court of Appeals as to technical application of the First Step Act, including clarification of "covered offenses."

In June 2020, the Eleventh Circuit issued a decision in United States v. Jones, which clarified what qualifies as a "covered offense" for the purposes of the First Step Act. 962 F.3d 1290 (11th Cir. 2020). The parties now agree that Defendant's offenses of conviction on Counts 1 and 2 are "covered offenses" and Defendant is, therefore, eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B). The parties

further agree that the now-applicable advisory guideline range is 324 to 405 months, plus 60 months consecutive as to Count 3.

Looking at the underlying facts of the case, Defendant was convicted by a jury, and he was sentenced to life imprisonment as to the offenses of conspiracy to possess with intent to distribute and to distribute controlled substances (Count 1) and employment of persons under 18 years of age in commission of a controlled substance offense (Count 2), concurrent; 48 months custody as to use of a communication facility (Count 10), concurrent; and 60 months custody as to using a firearm during a drug trafficking offense (Count 3), consecutive to all other counts.

As proven at trial, Defendant's crimes were certainly serious. Defendant was a member of a notorious Savannah-based drug conspiracy led by Ricky Maurice Jivens. The activities of the conspirators involved the distribution of many kilograms of cocaine base and multiple acts of violence. Defendant was one of Jivens's principal drug distributors and was known to carry a firearm in association with his drug distribution.

As the record also reflects, Defendant has been in custody for twenty-nine years so far, having entered custody at the age of eighteen. Defendant is one of five defendants in the conspiracy who received a life sentence, but only he and the leader remain in custody. The others as to whom a life sentence was imposed received sentence reductions in response to

2

guideline amendments (aside from one who received compassionate release due to terminal illness). The remaining codefendants, all of whom received substantial sentences, have received sentence reductions and have been released (aside from those who died in custody).

Without question, Defendant was responsible for the distribution of considerable quantities of illegal drugs, and he has a history of violent behavior as a juvenile. Nonetheless, as reflected in Bureau of Prisons documents, Defendant has, for the most part, elected to spend his time in custody wisely, in that he has earned his GED and participated in numerous courses to enhance his personal and professional success. Bureau of Prisons personnel have also submitted letters on Defendant's behalf, attesting to his work ethic and his demonstrated desire to help young men in prison improve themselves. At a minimum, this behavior and these achievements are indicative of someone who has matured and is preparing to make a positive contribution to society.

The Court has carefully reviewed all aspects of Defendant's case, as well as the 18 U.S.C. § 3553(a) factors. Pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B), the Court hereby **GRANTS** Defendant's Motion and reduces Defendant's life sentence as to Counts 1 and 2 to **405 months** as to each count, to be served concurrently. Given the 60-month consecutive sentence that remains applicable as to Count 3, Defendant's total custodial sentence is now **465 months**. The Court finds that this

sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth at 18 U.S.C. § 3553(a). A sentence of 465 months is hardly light. It justly punishes. It also reflects the seriousness of the offenses while promoting respect for the law. Similarly, a sentence of 465 months affords adequate deterrence. No one would decide to risk such criminal conduct because it would "only" earn 465 months in federal prison. Mr. Moss was a teenager when he entered federal custody. He will be nearing retirement age when he walks out of federal prison. The goals of public protection and avoiding unwarranted sentencing disparity are also served by a sentence of 465 months. The eighteen-year-old Robert Moss has matured, as evidenced by the records submitted by the Defense. He still has room for improvement as shown by the prison rules infractions proven by the Government. Only the leader of his gang remains incarcerated. The others have all been released early, served their lesser sentences, or died in prison.

The Government argues that I have the discretion to reduce his sentence but could maintain the original life sentence. The Defense argues that I must reduce the sentence. Ultimately, the question of whether I can or whether I must is not dispositive. All agree I can reduce the sentence, and after carefully examining the 18 U.S.C. § 3553(a) factors, it is clear that I should. To be clear, the Court determines that 465 months is the appropriate sentence based on the 18 U.S.C. § 3553(a)

factors discussed above. All other terms and conditions of Defendant's sentence remain in effect as originally imposed.

**SO ORDERED** this 28 day of September, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA